# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HARRIS, CDC #T-65006,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF VISTA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　　06-0980 DMS (AJB)<br><br>**ORDER DENYING MOTION TO CONTINUE *IN FORMA PAUPERIS* AND CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH PURSUANT TO 28 U.S.C. § 1915(a)(3)**<br><br>**[Doc. No. 12]** |

On May 2, 2006, Plaintiff, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2006, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and 1915A(b)(1). The Court found Plaintiff's Complaint failed to state a claim against the City of Vista or the County of San Diego under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), and alleged claims which were, on the face of his pleading, barred by the statute of limitations. (*See* June 15, 2006 Order [Doc. No. 5] at 5.) However, because Plaintiff is proceeding without counsel, the Court provided Plaintiff with a list of pleading deficiencies and granted him leave to amend. (*Id.* at 7-8.) Plaintiff was specifically

1 cautioned that should his amended pleading fail to correct the deficiencies of pleading identified by the Court, and specifically, should it fail to allege facts which might support a claim for statutory or equitable tolling under California law, it would be subject to dismissal without further leave to amend. (*Id*. at 8.)

Plaintiff filed his Amended Complaint on July 17, 2006, and a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) on August 1, 2006. However, after careful review of both Plaintiff's submissions, the Court denied Plaintiff's Motion for Appointment of Counsel and dismissed his Amended Complaint as required again by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) on October 5, 2006. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (holding that court is obligated to sua sponte dismiss IFP complaints which fail to state a claim). Specifically, the Court found that Plaintiff's Amended Complaint still failed to plead facts sufficient to show that his claims were timely, *i.e.*, that they fell within the statute of limitations or were outside the limitations period, but nevertheless statutorily or equitably tolled. (*See* Oct. 5, 2006 Order at 4-5.) The Court further found that even if Plaintiff's inadequate medical care claims were timely, he failed to allege facts sufficient to show the deliberate indifference required to show a constitutional violation. (*Id.* at 6-7.) Concluding that further amendment would be futile, the Court dismissed the entire action without further leave to amend. (*Id.* at 7, *citing Lopez*, 203 F.3d at 1130-31 (noting that district court is not required to grant leave to amend if the "complaint can[not] possibly be saved" by the allegation of other facts or if "it is absolutely clear" that further amendment would be futile).)

On October 26, 2006, Plaintiff filed a Notice of Appeal [Doc. No. 11], as well as a "Motion to Continue *In Forma Pauperis*" [Doc. No. 12]. Because Plaintiff has already been granted leave to proceed IFP in this Court, the Court now construes his currently pending Motion to Continue IFP as a request for a good faith certification for purposes of appeal pursuant to 28 U.S.C. § 1915(a)(3) and FED.R.APP.P. 24(a).

/ / /

/ / /

/ / /

# I.

## STANDARD OF REVIEW

"[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED.R.CIV.P. 24(a).  However, in civil cases where a plaintiff has been granted leave to proceed IFP in the district court, IFP status automatically continues for the appeal from the subsequent judgment, unless the district court affirmatively certifies that the appeal is not taken "in good faith." *See* 28 U.S.C. § 1915(a)(3).  The district court may certify that an appeal by a plaintiff proceeding IFP is taken in bad faith in response to an appellant's motion to proceed IFP on appeal. *See id.*  Unless the district court grants IFP and thereby certifies that the appeal is taken in "good faith," or the appellant is thereafter granted leave to proceed IFP by the Ninth Circuit,[1] all persons must prepay appellate filing fees in order to proceed. *See* 28 U.S.C. §§ 1913, 1915(b)(1).

The "good faith" test does not require a preliminary showing of any particular degree of merit.  In the absence of some evident improper motive, the appellant's good faith is established by the presentation of any issue on appeal that is not plainly "frivolous." *Farley v. United States*, 354 U.S. 521, 522-23 (1957); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977).  An action is "frivolous" for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  A suit lacks an arguable basis in law. *i.e.*, is legally frivolous, if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted).

# II.

## APPLICATION TO PLAINTIFF'S CASE

Here, the Court finds that an appeal of this Court's October 5, 2006 judgment would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3) because Plaintiff's Amended Complaint,

---

[1] Federal Rule of Appellate Procedure 24(a) provides that, "[i]f a motion for leave to proceed on appeal *in forma pauperis* is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith ... [a] motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action in district court." FED.R.APP.P. 24(a) (emphasis added).

1  on its face, still alleges claims which are barred by California's statute of limitations, and yet
2  does not further allege facts sufficient to support a claim for either statutory or equitable tolling.
3  The Court notes this is true despite the fact that it specifically informed Plaintiff of the
4  untimeliness of his claims, and granted him leave to amend if he could show an arguable basis
5  for finding them timely.  *See* June 15, 2006 Order; *Cervantes v. City of San Diego*, 5 F.3d 1273,
6  1277 (9th Cir. 1993).  Moreover, neither Plaintiff's Notice of Appeal nor his Motion to Continue
7  IFP provides any basis for finding that this Court abused its discretion when it found no
8  "exceptional circumstances" justifying appointment of counsel in this matter.  *See Terrell v.*
9  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

10  Thus, the Court finds that an appeal based on its October 5, 2006 judgment would be
11  legally frivolous because Plaintiff has alleged fail to establish even an "arguable legal claim."
12  *See Guti*, 908 F.3d at 496; *see also Litmon v. Mayberg*, 145 Fed. Appx. 213, 214 (9th Cir. 2005)
13  (unpublished mem. disp.) (affirming district court's dismissal of IFP complaint as frivolous per
14  28 U.S.C. § 1915(e)(2) because claims were barred by statute of limitations).

## III.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's "Motion to Continue *In Forma Pauperis*" [Doc. No. 12] and **CERTIFIES** that Plaintiff's appeal from this Court's October 5, 2006 Order and Judgment would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED: November 6, 2006

_____
HON. DANA M. SABRAW
United States District Judge